CHASE & *a. v.* BENNETT.

The record of a mortgage of personal property is not invalidated by the failure of the town-clerk to index it.

CASE, for neglect of the official duty of the defendant, city-clerk of Manchester, to index a recorded chattel mortgage, made by a religious society to one S., whereby the plaintiff was induced to loan the society $500 on the security of a second mortgage of the same property, in ignorance of the existence of the prior mortgage. The defendant contended that the prior mortgage, not being indexed, was not recorded, and the plaintiff, having no notice of that mortgage, would hold the property on the second mortgage, and could not be injured by the defect of the index of the record.

*C. R. Morrison,* for the defendant.

Gen. St., *c.* 123, *s.* 17, requires the town-clerk to record personal mortgages, and keep an alphabetical index of mortgagors and mortgagees. Formerly the statute required merely that mortgages be copied in the book of records; now it requires an index as an additional part of the record. S. was as much bound to get his mortgage indexed as to get it recorded. *Huntington* v. *Cobleigh,* 5 Vt. 49; *Lyman* v. *Edgerton,* 29 Vt. 305; *Burchard* v. *Fair Haven,* 48 Vt. 327; *Irish* v. *Harvey,* 44 Pa. 77. Notice is the object of the statute; and the index is relied upon, and was intended to be relied upon, as an indispensable part of the record. S. knew that the plaintiffs and everybody else would rely on the index, and it was for him to see to it that his mortgage was indexed. He paid the defendant for indexing his mortgage, and the defendant is responsible to him for neglect of the duty which S. paid him for doing. If the defendant is liable to the plaintiffs, he might be liable to a dozen subsequent purchasers who would have no adequate remedy, as town-clerks do not give bonds as registers of deeds do.

*Sawyer & Sawyer, Jr.,* for the plaintiffs.

The statutory provisions in relation to the records of chattel mortgages and conveyances of real estate are substantially the same, and should receive the same construction. *Gooding* v. *Riley,* 50 N. H. 400, 411. From 1791 to 1804, there was no law requiring the register of deeds to keep an index. From 1832 to 1842, it was not the duty of the town-clerk to keep an index of mortgages. Section 3 of *c.* 121, Gen. St., requires every deed of real estate to be " recorded at length;" and section 4 provides that no deed shall be valid against any person but the grantor and his heirs, unless recorded " according to the provisions of this chapter." The requirement of an index is

not in that chapter, but is in *c.* 26, *s.* 6, and does not affect the validity of the record.   Chapter 123 declares, in *s.* 2, that when possession of the property is not delivered to and retained by the mortgagee, the mortgage of chattels must be recorded ; in *s.* 12, that no such mortgage shall be valid against any person except the mortgagor, his executors and administrators, unless possession is delivered, or the mortgage is sworn to and recorded in the manner herein prescribed ; and in *s.* 17, that the town-clerk shall keep a book of records for personal mortgages, shall record mortgages therein, and shall certify the time when the same are received and recorded, and keep an alphabetical index of mortgagors and mortgagees : " which records and index shall be open to public inspection."   The requirement of an index is in a section that prescribes the duties of the recording officer, and is as distinct from and independent of the provisions touching the validity of mortgages as if it were in another chapter, as it is in the case of conveyances of real estate.   The proper office of the index is what its name imports, to point to the record ; but it constitutes no part of the record essential to the title.  *Curtis* v. *Lyman*, 24 Vt. 338, 342.

Doe, C. J.   We think the plaintiffs' construction of the statute is correct.

*Case discharged.*

Stanley and Clark, JJ., did not sit.